**EXHIBIT**

**1**

### 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

### STATE OF LOUISIANA

NO. 623,305

DIV. "" B

### JAMES HAYNES and MINETTE DEFRANCE HAYNES

### VERSUS

### CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY

FILED: _____

**DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, James Haynes and Minette DeFrance Haynes (hereinafter "Petitioners"), who file their Petition for Damages against Defendants, Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **JAMES HAYNES**, an adult resident of the Parish of Caddo, Louisiana;

2. Additional made Plaintiff herein is **MINETTE DEFRANCE HAYNES**, an adult resident of the Parish of Caddo, Louisiana

3. Made Defendants herein are **CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY (collectively, "CHUBB")**, a group of non-Louisiana insurance companies authorized to do and doing business in the State of Louisiana and the Parish of Caddo, which may be served through the Louisiana Secretary of State.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

PGS 6  EXH 6  MIN
CC _____  _____  N/3
INDEX 9  _____  KEC  _____  TAX
W/D DOC _____  CERT MAIL _____
SERVICE _____

$ [tax] FILED

APR - 6 2020

SHARON NEWTON
DEPUTY CLERK OF COURT
CADDO PARISH

5: Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

### III. RELEVANT FACTS

6. At all times relevant hereto, Petitioners owned the property located at 4508 Glen Iris St. Shreveport, Louisiana 71106 (the "Property").

7. At all times relevant hereto, Chubb provided a policy of insurance, Policy Number 668000712 (the "Policy") to Petitioners which covered the Property against perils including wind, hail, and water.

8. On April 6, 2018, a wind/hailstorm damaged the Property's roof, allowing water to infiltrate the home's interior as a direct result of that damage and otherwise causing significant damage to and throughout the home.

9. This damage was not immediately discovered as is common with wind/hailstorm damage.

10. On August 7, 2019, after Petitioners had finally noticed damage, Petitioners reported their loss to their insurance agent, Ace Insurance.

11. Petitioners hired a property loss specialist Justin "Colt" Friday, who is a public adjuster to inspect the Property and document his findings.

12. In August 2019, Mr. Friday inspected the Property and created a report indicating that the Property had been damaged by a hailstorm occurring in April 2018 and an estimate indicating that it would cost $382,416.75 (RCV) to repair the damages resulting from that storm.

13. Mr. Friday's findings were presented to Chubb on August 26, 2019.

14. In response, Chubb dispatched adjuster, Doug DuBois of RYZE Claim Solution who inspected the Property on or about September 18, 2019 but grossly underreported damage to the Property's roof and estimated that Petitioners' damages totaled $182,050.02 (RCV)—a substantially deficient amount.

15. RYZE is a company that is frequently used by insureds and has a policy and pattern or underreporting losses. This permits insurance companies such as Chubb to underpay claims.

16. This relationship is symbiotic because RYZE depends on insurance companies to stay in business so RYZE constantly has an incentive to underestimate claims.

17. Of course, the problem is that insurance companies are aware of RYZE's practice and therefore cannot claim they were unaware that the claims are underreported.

18. Chubb then tendered partial payment.

19. To date, Chubb's payments to Petitioners for their covered loss are deficient by a total of $121,181.85.

20. Petitioners attempted to recover the remaining amount of their damages from Chubb to no avail.

21. Chubb's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Petitioners' Property.

22. Upon information and belief, Chubb purposely and/or negligently failed to timely tender proceeds due Petitioners after having received satisfactory proof of loss.

23. Upon information and belief, Chubb purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

24. Upon information and belief, Chubb conducted the investigation and claims handling for Petitioners' claims in bad faith.

25. Upon information and belief, Chubb manipulated its pricing software to artificially suppress the cost of repairs below market value.

26. Petitioners have incurred additional expenses in making repairs because Chubb failed to timely compensate them for their losses under the Policy.

27. Petitioners incurred professional expenses, including expert and/or attorney's fees, to determine that Chubb wrongfully failed to adequately/timely pay on their claims under the Policy.

### III. CAUSES OF ACTION

#### A. Breach of Insurance Contract

28. Petitioners reallege and re-aver the allegations contained in paragraphs 1-27, above, as if restated herein.

29. Despite having adequate proof of loss, Chubb failed to timely tender adequate funds under the Policy.

30. An insurance contract, the Policy, exists between Petitioners and Chubb.

31. By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Chubb breached the insurance contract.

3

32. By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Chubb breached the insurance contract.

33. By conducting the investigation and claims handling in bad faith, Chubb breached the insurance contract.

34. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Chubb breached the insurance contract.

35. By failing to adequately compensate Petitioners for the damages to the Property, as required by the Policy, Chubb breached the insurance contract.

36. Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

37. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-36, above, as if restated herein.

38. The actions and/or inactions of Chubb in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Chubb liable for statutory bad faith penalties.

39. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

40. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

41. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

42. Chubb is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages in 2018, despite having received satisfactory proof of loss following its own inspection(s) of the Property and

4

after Petitioners independently provided documentation of the damages and replacement costs needed.

43. Chubb's misrepresentation of the terms of the Policy was in bad faith.

44. Chubb's failure to pay timely for damages Chubb knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

45. Upon information and belief, further evidence of Chubb's bad faith will be revealed through the discovery process.

## IV. DAMAGES

46. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-45, above, as if restated herein

47. Chubb is liable to Petitioners under the following legal theories:

    a. Breach of contract;

    b. Bad faith claims adjusting practices, including, but not limited to, failing to adequately adjust Petitioners' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Chubb knew, or should have known existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

    c. Negligent claims adjusting practices leading to the incurrence of professional fees;

    d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

48. As a result of Chubb's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

    d. Mental anguish;

5

e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

f. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**WHEREFORE**, Petitioners, James Haynes and Minette DeFrance Haynes, pray that, Defendants, Chubb, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, James Haynes and Minette DeFrance Haynes, and against Defendants, Chubb, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, LA Bar No. 32865
Madison C. Pitre, LA Bar No. 38867
**Scott, Vicknair, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Phone: (504-684-5200)
Fax: (504-613-6351)

**PLEASE SERVE:**

**ALL DEFENDANTS**
Through the Louisiana Secretary of State:
Kyle Ardoin
8585 Archives Ave,
Baton Rouge, LA 70809

6

**SVHC**

SCOTT, VICKNAIR,
HAIR & CHECKI,
LLC

909 Poydras St., Suite 1100
New Orleans, Louisiana 70112
(P) 504-684-5200 (F) 504-613-6351
www.svhclaw.com

April 4, 2020

**VIA Facsimile (318) 227-9080**
1st Judicial District Court
Caddo Parish Clerk of Court
501 Texas Street
Room 103
Shreveport, LA 71101

Re:     *James Haynes & Minette Defrance Haynes v Chubb & Sons, INC, et al;* 1st
        **Judicial District Court for the Parish of Caddo; Case No. [new suit]**

Dear Clerk of Court :

        Please see attached *Petition for Damages* be filed in the above-captioned matter. Please fax file
same. Pursuant to La. R.S. 13:850, I will forward the original to you by mail within seven (7) days of
your receipt of this facsimile transmission.

        Please send a fax confirmation for receipt of the *Petition for Damages* as soon as possible so that
I may enclose the confirmation sheet as well as the appropriate payment, with the original.

        Should you need any additional information, please do not hesitate to call me at (504) 684-
5200.

        With professional regards, I remain

                                                Sincerely,

                                                Catherine Miller
                                                Assistant to Madison C. Pitre

:cem

Encl.



# FAX

| Date: | 04/04/2020 |
|---|---|

| Pages including cover sheet: | 9 |
|---|---|

| **To:** | 13182279080@rcfax.com |
|---|---|
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Phone** | *(318) 227-9080* |

| **From:** | Catherine Miller |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | (504) 684-5200 * 110 |
| **Fax Phone** | 15046845200 |

| NOTE: | |
|---|---|
| | |

## Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 623,305-B               Fax Number: 504-613-6351

**New Suits**

Type of Suit:

New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services: 

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 8

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas: 

Approximate total mileage for subpoenaed witnesses outside city limits: 

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA ☐

Curator required? ☐

Filing to be faxed? (Enter number of pages above for price) ☑

Total Deposit Required: $1462

Clear New Suit Form    Print Page    Return to Main Calculator Page

## FAX LAW - Amended by Act 109, 2016

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

**THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING**

**FILE IMMEDIATELY**

# Send Result Report

MFP
CS 6002i

Firmware Version 2NK_2000.004.052 2018.07.02

VFA8902024
04/06/2020 07:55
[2NK_1000.004.002] [2ND_1100.001.007] [2ND_7000.004.020]

Job No.: 010982          Total Time: 0°01'34"          Page: 003

## Complete

Document:          doc01098220200406075330

---

**4/6/2020**                          Caddo Parish CMI Cost Calculator

### Mike Spence, Caddo Parish Clerk of Court

### FAX RECEIPT

Suit Number: 623,305-B                 Fax Number: 504-613-6351

**New Suits**

Type of Suit:
New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services:

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 6

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

---

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 04/06/20 07:54 | 15046136351-5060 | 0°01'34" | FAX | OK | 200x100 Normal/Off |

1

**1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO**

**STATE OF LOUISIANA**

NO. 623,305

DIV. ""
B

**JAMES HAYNES and MINETTE DEFRANCE HAYNES**

**VERSUS**

**CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY**

**FILED:** _____

**DEPUTY CLERK** _____

**PETITION FOR DAMAGES**

　　**NOW INTO COURT,** through undersigned counsel, come Petitioners, James Haynes and

Minette DeFrance Haynes (hereinafter "Petitioners"), who file their Petition for Damages against

Defendants, Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance

Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb

Indemnity Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb"),

respectfully averring as follows:

**I. PARTIES**

1. Made Plaintiff herein is **JAMES HAYNES,** an adult resident of the Parish of Caddo,
   Louisiana;

2. Additional made Plaintiff herein is **MINETTE DEFRANCE HAYNES,** an adult resident
   of the Parish of Caddo, Louisiana

3. Made Defendants herein are **CHUBB & SONS, INC., GREAT NORTHERN
   INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES,
   CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE
   COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL
   INSURANCE COMPANY (collectively, "CHUBB"),** a group of non-Louisiana
   insurance companies authorized to do and doing business in the State of Louisiana and the
   Parish of Caddo, which may be served through the Louisiana Secretary of State.

**II. JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil
   Procedure, Article 2.

1

Fax filed.

$HW2 FILED

APR 08 2020

SANDY ROTHILL
DEPUTY CLERK OF COURT
CADDO PARISH

5. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

## III. RELEVANT FACTS

6. At all times relevant hereto, Petitioners owned the property located at 4508 Glen Iris St. Shreveport, Louisiana 71106 (the "Property").

7. At all times relevant hereto, Chubb provided a policy of insurance, Policy Number 668000712 (the "Policy") to Petitioners which covered the Property against perils including wind, hail, and water.

8. On April 6, 2018, a wind/hailstorm damaged the Property's roof, allowing water to infiltrate the home's interior as a direct result of that damage and otherwise causing significant damage to and throughout the home.

9. This damage was not immediately discovered as is common with wind/hailstorm damage.

10. On August 7, 2019, after Petitioners had finally noticed damage, Petitioners reported their loss to their insurance agent, Ace Insurance.

11. Petitioners hired a property loss specialist Justin "Colt" Friday, who is a public adjuster to inspect the Property and document his findings.

12. In August 2019, Mr. Friday inspected the Property and created a report indicating that the Property had been damaged by a hailstorm occurring in April 2018 and an estimate indicating that it would cost $382,416.75 (RCV) to repair the damages resulting from that storm.

13. Mr. Friday's findings were presented to Chubb on August 26, 2019.

14. In response, Chubb dispatched adjuster, Doug DuBois of RYZE Claim Solution who inspected the Property on or about September 18, 2019 but grossly underreported damage to the Property's roof and estimated that Petitioners' damages totaled $182,050.02 (RCV)—a substantially deficient amount.

15. RYZE is a company that is frequently used by insureds and has a policy and pattern or underreporting losses. This permits insurance companies such as Chubb to underpay claims.

16. This relationship is symbiotic because RYZE depends on insurance companies to stay in business so RYZE constantly has an incentive to underestimate claims.

17. Of course, the problem is that insurance companies are aware of RYZE's practice and therefore cannot claim they were unaware that the claims are underreported.

18. Chubb then tendered partial payment.

19. To date, Chubb's payments to Petitioners for their covered loss are deficient by a total of $121,181.85.

20. Petitioners attempted to recover the remaining amount of their damages from Chubb to no avail.

21. Chubb's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Petitioners' Property.

22. Upon information and belief, Chubb purposely and/or negligently failed to timely tender proceeds due Petitioners after having received satisfactory proof of loss.

23. Upon information and belief, Chubb purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

24. Upon information and belief, Chubb conducted the investigation and claims handling for Petitioners' claims in bad faith.

25. Upon information and belief, Chubb manipulated its pricing software to artificially suppress the cost of repairs below market value.

26. Petitioners have incurred additional expenses in making repairs because Chubb failed to timely compensate them for their losses under the Policy.

27. Petitioners incurred professional expenses, including expert and/or attorney's fees, to determine that Chubb wrongfully failed to adequately/timely pay on their claims under the Policy.

### III. CAUSES OF ACTION

#### A. Breach of Insurance Contract

28. Petitioners reallege and re-aver the allegations contained in paragraphs 1-27, above, as if restated herein.

29. Despite having adequate proof of loss, Chubb failed to timely tender adequate funds under the Policy.

30. An insurance contract, the Policy, exists between Petitioners and Chubb.

31. By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Chubb breached the insurance contract.

32. By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Chubb breached the insurance contract.

33. By conducting the investigation and claims handling in bad faith, Chubb breached the insurance contract.

34. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Chubb breached the insurance contract.

35. By failing to adequately compensate Petitioners for the damages to the Property, as required by the Policy, Chubb breached the insurance contract.

36. Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

**B. Bad Faith**

37. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-36, above, as if restated herein.

38. The actions and/or inactions of Chubb in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Chubb liable for statutory bad faith penalties.

39. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

40. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

41. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

42. Chubb is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages in 2018, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Petitioners independently provided documentation of the damages and replacement costs needed.

43. Chubb's misrepresentation of the terms of the Policy was in bad faith.

44. Chubb's failure to pay timely for damages Chubb knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

45. Upon information and belief, further evidence of Chubb's bad faith will be revealed through the discovery process.

## IV. DAMAGES

46. Petitioners reallege and re-aver the allegations contained in Paragraphs 1-45, above, as if restated herein

47. Chubb is liable to Petitioners under the following legal theories:

   a. Breach of contract;

   b. Bad faith claims adjusting practices, including, but not limited to, failing to adequately adjust Petitioners' claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Chubb knew, or should have known existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

   c. Negligent claims adjusting practices leading to the incurrence of professional fees;

   d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

48. As a result of Chubb's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

   d. Mental anguish;

   e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

f. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**WHEREFORE,** Petitioners, James Haynes and Minette DeFrance Haynes, pray that, Defendants, Chubb, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, James Haynes and Minette DeFrance Haynes, and against Defendants, Chubb, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

Galen M. Hair, LA Bar No. 32865
Madison C. Pitre, LA Bar No. 38867
**Scott, Vicknair, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Phone: (504-684-5200)
Fax: (504-613-6351)

**PLEASE SERVE:**

**ALL DEFENDANTS**
Through the Louisiana Secretary of State:
Kyle Ardoin
8585 Archives Ave,
Baton Rouge, LA 70809

# Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 623,305-B        Fax Number: 504-613-6351

### New Suits

**Type of Suit:**
New Suits with one service (except for the following ($300.00) ▼

Number of Secretary of State Services: 7

Number of Other Services:

Number of Copies to be made in Clerk's Office: 1

Number of Certified Copies Needed: 8

Number of Pages: 6

Number of Pages in Exhibits: 4

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA

Curator required?

Filing to be faxed? (Enter number of pages above for price)

**Total Deposit Required: $1462**

[ Clear New Suit Form ]  [ Print Page ]  [ Return to Main Calculator Page ]

## FAX LAW - Amended by Act 109, 2016

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

4/6/2020                              Caddo Parish Civil Cost Calculator

## **ATTENTION FILING CLERK**

# THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

## FILE IMMEDIATELY

## 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

### STATE OF LOUISIANA

NO.623,305

DIV. "" B

### JAMES HAYNES and MINETTE DEFRANCE HAYNES

#### VERSUS

**CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY**

FILED: _____

**DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioners, James Haynes and Minette DeFrance Haynes (hereinafter "Petitioners"), who file their Petition for Damages against Defendants, Chubb & Sons, Inc., Great Northern Insurance Company, Chubb Group of Insurance Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company (collectively, hereinafter "Chubb"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is JAMES HAYNES, an adult resident of the Parish of Caddo, Louisiana;

2. Additional made Plaintiff herein is MINETTE DEFRANCE HAYNES, an adult resident of the Parish of Caddo, Louisiana

3. Made Defendants herein are CHUBB & SONS, INC., GREAT NORTHERN INSURANCE COMPANY, CHUBB GROUP OF INSURANCE COMPANIES, CHUBB CUSTOM INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY (collectively, "CHUBB"), a group of non-Louisiana insurance companies authorized to do and doing business in the State of Louisiana and the Parish of Caddo, which may be served through the Louisiana Secretary of State.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

1



$FILED
APR - 6 2020

mollym                                                                          CPCC.CV.1859164

# Citation

JAMES HAYNES, ET AL                    NO. 623305–B
        VS                             STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    GREAT NORTHERN INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

        *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

__XX__ PETITION FOR DAMAGES                          Deputy Clerk

                                            _____ GALEN HAIR _____

                                                    Attorney

# FILE COPY

# Citation

JAMES  HAYNES, ET AL  
     VS  
CHUBB & SONS INC, ET AL  

NO. 623305– B  
STATE OF LOUISIANA  
PARISH OF CADDO  
FIRST JUDICIAL DISTRICT COURT  

THE STATE OF LOUISIANA, TO:    FEDERAL INSURANCE COMPANY  
                              THRU HONORABLE SECRETARY OF STATE  
                              BATON ROUGE, LA 70809  

YOU HAVE BEEN SUED.  
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

    *Also attached are the following:               **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____

 XX   PETITION FOR DAMAGES                        Deputy Clerk

                                         _____ GALEN HAIR _____

                                              Attorney

# FILE COPY

motlym

# Citation

JAMES HAYNES, ET AL

VS

CHUBB & SONS INC, ET AL

NO. 623305– B

STATE OF LOUISIANA

PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB NATIONAL INSURANCE COMPANY

THRU HONORABLE SECRETARY OF STATE

BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

*Also attached are the following:                **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

__XX__   PETITION FOR DAMAGES                        Deputy Clerk

_____

GALEN HAIR

Attorney

# FILE COPY

# Citation

JAMES HAYNES, ET AL
    VS
CHUBB & SONS INC, ET AL

NO. 623305– B
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB INDEMNITY INSURANCE COMPANY
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

    *Also attached are the following:        **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____

  XX   PETITION FOR DAMAGES                Deputy Clerk

                                  GALEN HAIR

                                  Attorney

# FILE COPY

# Citation

JAMES HAYNES, ET AL                    NO. 623305– B
          VS                           STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CHUBB GROUP OF INSURANCE COMPANIES
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

    *Also attached are the following:           **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____

__XX__ PETITION FOR DAMAGES                  Deputy Clerk

                                    _____GALEN HAIR_____

                                      Attorney

# FILE COPY

# Citation

JAMES HAYNES, ET AL                      NO. 623305– B
        VS                               STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                  PARISH OF CADDO
                                         FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     CHUBB CUSTOM INSURANCE COMPANY
                                THRU HONORABLE SECRETARY OF STATE
                                BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

        *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____ REQUEST FOR ADMISSIONS OF FACTS

_____ INTERROGATORIES

_____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

  XX   PETITION FOR DAMAGES                         Deputy Clerk


                                            _____ GALEN HAIR _____
                                                     Attorney


# FILE COPY

# Citation

JAMES HAYNES, ET AL                          NO. 623305– B
        VS                                   STATE OF LOUISIANA
CHUBB & SONS INC, ET AL                      PARISH OF CADDO
                                             FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     CHUBB & SONS INC
                                THRU HONORABLE SECRETARY OF STATE
                                BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 8, 2020.

        *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

  XX    PETITION FOR DAMAGES                            Deputy Clerk

                                              _____GALEN HAIR_____

                                                         Attorney

# FILE COPY