UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES HAYNES, ET AL | CIVIL ACTION NO. 20-cv-0636 |
| VERSUS | CHIEF JUDGE HICKS |
| CHUBB & SON, INC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

James Haynes and Minette Defrance Haynes ("Plaintiffs") filed this civil action in state court for damages arising out of an insurance contract dispute. Plaintiffs originally named as defendants Great Northern Insurance Company, Chubb & Son, Inc., Chubb Group of Insurance Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, and Federal Insurance Company ("The Chubb defendants").

The Chubb defendants removed the case based on an assertion of diversity jurisdiction, which put the burden on them to set forth specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The original notice of removal did not properly allege the citizenship of the defendants. In a footnote, the defendants asserted that the policy at issue "was issued by Ace Insurance Company of the Midwest, not any of the Defendants … Defendants will request that Plaintiffs voluntarily amend their Petition to name the correct issuing company as a defendant in this matter, and dismiss Defendants." Doc. 1, p. 3, n.4.

The court entered an order directing the defendants to, in order to meet their burden of establishing diversity jurisdiction, amend their notice of removal to properly allege the citizenship of all of the named defendants.  Doc. 7.  Plaintiffs soon afterwards filed an amended complaint (Doc. 10) that eliminated the Chubb defendants as parties and named only Ace Insurance Co. of the Midwest ("Ace") as a defendant.  Ace then filed an amended notice of removal (Doc. 14) that properly alleged the citizenship of Plaintiffs (Louisiana) and Ace (Indiana and Pennsylvania) but did not allege the citizenship of the Chubb defendants named in the original complaint.

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  And if diversity of citizenship did not exist when the action was commenced, the courts generally are in agreement that it cannot be created later by a potentially diversity-creating event.  Wright & Miller, 14B  Fed. Prac. & Proc. Juris. § 3723 (4th ed.).  This means the citizenship of the Chubb defendants named in the original complaint, which were parties at commencement, is still potentially relevant.

However, the original notice of removal alleged that the Chubb defendants were not responsible because they did not issue the insurance policy at issue.  This allegation is equivalent to an assertion that the Chubb defendants were improperly joined in the action because there is no reasonable possibility that they can be held liable.  The improper joinder doctrine allows the court to ignore the citizenship of the Chubb defendants, whose citizenship is not known.  Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n.1 (5th Cir. 2004) (en banc).

Plaintiffs conceded the improper joinder of the Chub defendants by dismissing them from the case, so the court will ignore their citizenship. There is complete diversity between Plaintiffs and Ace. Accordingly, the court makes a preliminary finding that subject matter exists pursuant to 28 U.S.C. 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. A scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of June, 2020.

Mark L. Hornsby
U.S. Magistrate Judge