UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES HAYNES, ET AL. | CIVIL ACTION NO. 20-0636 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHUBB & SONS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant ACE Insurance Company of the Midwest's ("ACE" or "Defendant") Motion for Summary Judgment. See Record Document 37. Plaintiffs James Haynes, III, ("James Haynes") and Minette DeFrance Haynes ("Minette Haynes") (collectively "Plaintiffs") oppose the motion. See Record Document 46. ACE then filed a reply. See Record Document 51. For the reasons set forth below, the motion is hereby **GRANTED**.

**FACTUAL & PROCEDURAL BACKGROUND**

This is an insurance contract dispute arising from Minette Haynes's house damage sustained during a hailstorm on April 6, 2018. See Record Document 1-1 at 2. Plaintiffs noticed the damage to the roof on August 7, 2019 and reported the loss to ACE[1]. See id. Plaintiffs hired a public adjuster to inspect the property, who estimated the cost of repairs to the damages resulting from the storm to be $382,416.75. See id. Defendant then dispatched a separate adjuster to the property, who estimated the damages to be

---

[1] Plaintiffs originally named Chubb & Sons, Inc. et al. (collectively "Chubb Defendants") as defendants in the suit. However, Plaintiffs amended their Complaint to substitute ACE as the proper party in place of all references to Chubb Defendants. See Record Document 10. For the purposes of this Memorandum Ruling, any references to Plaintiffs' original petition will note ACE as the party, rather than Chubb Defendants.

$182,050.02. See id. ACE tendered payment, paying a total of $261,234.89 as an agreed amount for the claim, which involved a complete replacement of the property's roof. See Record Document 37-2 at 2.

Plaintiffs filed this suit, claiming breach of contract for ACE's failure to pay the full $382,416.75 and statutory bad faith claims. During the deposition of James Haynes, ACE discovered that James Haynes (Party Plaintiff) was not the same James Haynes that owned the insured property, nor the James Haynes that was party to the insurance contract with ACE. See Record Document 37-1 at 4. Instead, it was James Haynes's father, James B. Haynes, Jr., who was both the owner of the insured property and an insured under the contract with ACE. See id. at 1. James B. Haynes, Jr. passed away in 2017. See id. James Haynes also revealed in his deposition that the roof was replaced by Precision Construction & Roofing, Inc. ("Precision"), pursuant to a Contingency Agreement or "insurance proceeds only" contract between Minette Haynes and Precision. See id. at 5. After learning that it was James B. Haynes, Jr. who was the owner and insured, rather than Party Plaintiff James Haynes, III, and learning that the roof was replaced pursuant to an "insurance proceeds only" contract, ACE sought leave and filed the instant Motion for Summary Judgment[2].

---

[2] ACE's Motion for Summary Judgment was filed after the dispositive motion deadline. On November 5, 2021, ACE filed a Motion for Leave to File a Dispositive Motion Outside the Deadline based on Exceptional Circumstances. See Record Document 35. The Dispositive Motion Deadline was scheduled for September 30, 2021 (See Record Document 26), but James Haynes, III, was not deposed until October 15, 2021. See Record Document 35-1. It was during this deposition that Defendant learned information it believed to be dispositive of the case. See id. ACE's Motion for Leave was granted (See Record Document 36) and the instant Motion for Summary Judgment was filed.

## LAW AND ANALYSIS

I.  **Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

II.  **Analysis**

ACE's argument centers around James Haynes's right of action and Minette Haynes's cause of action. First, ACE argues that since James Haynes is neither an insured under the contract nor an owner of the damaged property, he has no right of action. See Record Document 37. Second, because the roof has been fully replaced pursuant to an "insurance proceeds only" contract, Minette Haynes cannot establish the

3

elements for either her breach of contract claim or her statutory bad faith claim. See id. The merits of each will be taken in turn.

### a. James Haynes's Right of Action

ACE asserts that since Party Plaintiff James Haynes does not own the damaged property and is not a party to the insurance contract, he has no right of action to bring this suit. See Record Document 37-1 at 3. In other words, ACE argues James Haynes is not a proper Party Plaintiff to bring a breach of contract and bad faith claim against ACE because he has no insurable interest in the insured property at issue. Plaintiffs respond to this argument by noting that Minette Haynes designated James Haynes as her Power of Attorney, which allows James Haynes to file suit on behalf of his incapacitated mother. See Record Document 46 at 8. Plaintiffs cite Louisiana Code of Civil Procedure art. 684 to assert that James Haynes's right to file suit on behalf of his motion. See id.

The issue with Plaintiffs' response is that it misconstrues Defendant's argument. Neither party is disputing James Haynes's Power of Attorney and his right to handle the affairs of his mother. Rather, the issue is whether James Haynes has a right of action as a Plaintiff himself. The Court finds he does not.

Louisiana Revised Statute § 22:853(A) states that "[n]o contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured." An "insurable interest" is defined as "any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." La. R.S. § 22:853(B). Louisiana jurisprudence has consistently held that an action for breach of contract cannot be maintained by an individual who is not party to the

4

contract. See, e.g., Randall v. Lloyd's Underwriters at London, 602 So. 2d 790, 791 (La. App. 4th Cir. 1992) ("It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not party thereto.") (citing State ex rel. Guste v. Simoni, Heck and Associates, 297 So. 2d 918, 924 (La. App. 1st Cir. 1974); Lumber Products, Inc. v. Hiriart, 255 So.2d 783, 787 (La. App. 4th Cir. 1971)); see also Mose Jefferson Manor v. Market Intern. In. Co., Ltd., 2011 WL 2416378 at *2-3.

In the instant case, Plaintiff James Haynes has no interest in asserting a cause of action for breach of contract or statutory bad faith against ACE. In his deposition, James Haynes stated that he does not have any ownership interest in the insured property. See Record Document 37-1 at 3. He also stated that he was not an insured under the ACE insurance policy. See id. at 7. As such, James Haynes does not have an "insurable interest" as defied in La. R.S. § 22:853(B) and thus is not the proper party to maintain this action, pursuant to La. R.S. § 22:853(A). James Haynes has no right of action to bring a breach of contract claim for an insurance policy to which he is not a party nor a beneficiary, much less a bad faith claim for the alleged breach of that contract pursuant to which he has no rights. James Haynes is therefore **DISMISSED WITH PREJUDICE** from this action as a matter of law based on the undisputed facts.

**b.  Minette Haynes's Cause of Action for Breach of Insurance Contract**

Defendant also asserts that it is entitled to summary judgment because Minette Haynes has no cause of action for damages as claimed in the lawsuit, and thus Plaintiffs cannot claim bad faith or attorney fees because they have no underlying claim upon which bad faith penalties or attorney feeds can be based. See Record Document 51 at 4.

Plaintiffs attempt to counter this argument by resting on the general principle that bad faith is generally a fact-intensive determination. See Record Document 46. While it is generally true that bad faith claims are fact-intensive determinations, Plaintiffs fail to address why summary judgment should not be granted on the breach of contract claims.

Louisiana courts have held, in the context of insurance agreements, that "[t]he essential elements of a breach of contract claim are (1) the obligor's undertaking of an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulting in damages to the obligee." Regions Ins., Inc. v. All. Cab Serv., LLC, 293 So. 3d 1218, 1221 (La. App. 4th Cir. 2020) (quoting New Orleans Private Patrol Serv., Inc. Corporate Connection, Inc., 239 So. 3d 480, 484 (La. App. 4th Cir. 2018)); see also Stipp v. MetLife Auto and Home Ins. Agency, Inc. 225 So. 3d 1182, 1189 (La. App. 5th Cir. 2017) (citing Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocks Mt. LLC, 193 So. 3d 1110, 1115 (La. 2015) and Mouton v. Generac Power Sys., 152 So. 3d 985, 997 (La. App. 3d Cir. 2014)). ACE asserts that Minette Haynes's breach of contract claim must fail because she cannot establish the third element essential to the claim, that is, damages. See Record Document 51 at 3.

As stated above, if the movant demonstrates the absence of a genuine issue of material fact, then the nonmovant must designate specific facts showing there is a genuine issue for trial. The Court finds that Plaintiffs have not overcome the burden to show there is a genuine issue for trial on the breach of contract issue. Since the entire roof was replaced pursuant to an "insurance proceeds only agreement," Minette Haynes has sustained no contractual damages. Plaintiffs have put forth no evidence to indicate that the Haynes will owe anything to Precision for the completed work on the roof.

6

According to the language of the contract itself, the contract was "an **Insurance Proceeds** agreement with no additional cost to the Property Owner(s) except the deductible." Record Document 37-7 at 1 (emphasis in original). The contract also states, in relevant part:

> Neither Property Owner(s) nor Precision Construction & Roofing will be obligated unless the repairs are approved by the Insurance Carrier. The Property Owner(s) agree(s) to let Precision Construction & Roofing work with the Insurance Carrier and perform the work as specified in the agreed-upon Scope of Work. Property Owner(s)' out-of-pocket expense will not exceed the deductible amount unless additional work or upgraded materials are requested.

Id. at 2.

The undisputed facts remain the same: the work Plaintiffs claim was necessary to repair covered damage to Minette Haynes's home has been completed. The contractor who performed the work (Precision) has been fully paid solely through funds issued by ACE for the agreed scope and price reached by the Plaintiffs and ACE for a complete replacement of the slate roof on the home. Minette Haynes does not owe Precision or any other party any outstanding amounts for repair work to her home for damage caused by the hailstorm. These uncontested facts evidence a lack of recoverable damages, which in turn negates any claim for breach of contract. Plaintiffs have thus failed to make a showing sufficient to establish the existence of recoverable damages, which is an element essential to Plaintiffs' claims for breach of contract. Thus, any breach of insurance contract claims are **DISMISSED WITH PREJUDICE**.

### c. Minette Haynes's Statutory Bad Faith Claims

ACE finally argues it is entitled to summary judgment as a matter of law on the bad faith claims because there is no underlying breach of contract claim upon which to base

a claim for statutory bad faith. See Record Document 37-1 at 9. Plaintiffs counter this by arguing that bad faith is almost exclusively a fact determination and citing the insurer's duty of good faith and fair dealing. See Record Document 46 at 3, 5.

Penalties for statutory bad faith require the plaintiff to have a "valid underlying claim" under the insurance contract. Cashman Equip. Corp. v. Rozel Operating Co., 854 F. Supp. 2d 406, 414 (M.D. La. 2012) (citing Phillips v. Patterson Ins. Co., 813 So. 2d 1191, 1195 (La. Ct. App. 3d Cir. 2002)). The Fifth Circuit, in Naquin v. Elevating Boats, LLC, resolved a coverage dispute against an insured and found that the district court did not err in dismissing the insured's bad faith claims because the insured had "no valid underlying claim." 817 F.3d 235, 240 (5th Cir. 2016) (citing Matthews v. Allstate Ins. Co., 731 F. Supp. 2d 552, 566 (E.D. La. 2010)).

As explained above, Plaintiffs have no valid underlying claims under the insurance contract. Because Plaintiffs have no "valid underlying claim" as demonstrated by the undisputed facts and evidence relevant to this issue, there is no cognizable issue of material fact. Thus, Defendant is entitled to judgment as a matter of law. Plaintiffs' claims for statutory bad faith are therefore **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons set forth above, ACE's Motion for Summary Judgment is **GRANTED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 25th day of October, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT